**Mary CAMPBELL formerly Mary Riou, Appellant,**

v.

**Michael William ILTIS and Honorable Mickey R. Pennington, Appellees.**

No. 04–85–00202–CV.

Court of Appeals of Texas, San Antonio.

April 9, 1986.

Joseph Chacon, Jr., San Antonio, for appellant.

Marian Sturdivant Musser, San Antonio, and Hugh H. Meyer and Rhonda Hart, Hondo, for appellees.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## ON APPELLEE'S SECOND MOTION FOR REHEARING

PER CURIAM.

Appellee's second motion for rehearing is denied. However, our order dated November 6, 1985 is withdrawn and the following order is substituted.

Appellee asserts that appellant is not entitled to pursue her appeal from a trial court summary judgment in a paternity case. Appellant's initial motion to extend time was denied by this Court, but subsequently granted pursuant to a motion for rehearing filed on July 3, 1985.

On July 12, 1985, appellee filed a Motion to Affirm on Certificate or Dismiss Appeal for Lack of Jurisdiction on the grounds that:

1) Appellant's motion for rehearing was not timely filed; and

2) Appellant's cost bond is defective.

After rehearing, appellant's Motion to Extend Time was granted by this Court's order on August 28, 1985. In response, appellee has filed a Motion for Rehearing asserting that the Court erred in granting appellant's Motion for Rehearing and allowing this appeal because:

1) Appellant's appeal is frivolous;

2) Appellant's pleadings contain offensive prejudicial references to statutory rape which were stricken in the trial court records;

3) Appellant falsely swore that the attorneys who signed as sureties were given permission to do so by the trial court;

4) No justifiable cause existed for appellant's delay in requesting the statement of facts;

5) Appellant's inability to file the statement of facts timely was not due to the court reporter's refusal to begin preparation until appellant had made a deposit of $3,500;

6) The district clerk had the authority and discretion to determine the type of bond to be filed;

7) The court reporter had no duty to prepare the statement of facts, absent the filing of a $4,800 bond because the $1,000.00 bond filed by appellant on May 10, 1985, was insufficient to perfect the appeal;

8) The trial court's order increasing the bond was rendered May 10, 1985, as reflected by the docket sheet rather than June 25, when the written order was signed, and was therefore within the 30-day period during which the trial court was empowered to increase the bond.

■ The following dates are relevant to the determination of appellee's argument that Appellant's Motion for Rehearing was not timely filed:

April 18, 1985—Trial court's final judgment was signed.

June 13, 1985—Appellant filed a motion to extend time to file transcript and statement of facts.

June 25, 1985—Motion to extend time denied.

July 3, 1985—Appellant filed motion for rehearing on motion to extend time.

August 28, 1985—Motion for rehearing granted.

Rule 21c of the Texas Rules of Civil Procedure specifies that the transcript and statement of facts must be filed within 60 days of date of the final judgment in order to perfect an appeal and further provides that an extension of time may be obtained if it is requested within 15 days of the original 60 day time period.

In order to comply with Rule 21c, appellant was required to file her transcript and statement of facts by June 17, 1985, or, alternatively, file a motion for extension of time prior to July 3, 1985. Appellant met this requirement by filing her motion to extend time on June 13, 1985. Appellant's motion to extend time was denied on June 25, 1985. Pursuant to TEX.R.CIV.P. 458, appellant filed her motion for rehearing within 15 days of the date the court signed its denial of the motion to extend time. Accordingly, appellee's argument that this Court lacks jurisdiction is unfounded.

■ Appellee asserts also that appellant's Motion for Rehearing should be denied because: 1) the sureties on the bond who were attorneys of record failed to obtain the court's permission before signing as sureties as required by TEX.R.CIV.P. 142, 2) neither surety gave his mailing address as required by TEX. R. CIV. 354(a), and 3) the bond is insufficient because one of the sureties does not own property in the county where the bond is filed.

We agree that the bond is deficient due to the omission of mailing addresses as required by Rule 354 and the failure of the sureties to obtain court permission pursuant to Rule 142. However, defects such as these are not jurisdictional and may be amended. *Thompson v. City of West Lake Hills*, 457 S.W.2d 398, 402 (Tex.Civ.App.— Austin 1970), *rev'd on other grounds*, 466 S.W.2d 722 (Tex.1971).

Since neither of the defects asserted by appellee in his Motion to Affirm on Certificate or Dismiss Appeal for Lack of Jurisdiction deprive this Court of jurisdiction, appellee's motion is denied.

In his Motion for Rehearing appellee urges this Court to reverse its previous ruling and deny this appeal. In support of his position, appellee argues that appellant's claims are frivolous, that appellant had falsely sworn that her attorneys had court permission to act as sureties on the appeal bond, and that appellant has used offensive and prejudicial terms in her pleadings to this Court. Because we have no statement of facts before us, this Court is not in a position to determine whether or

not this appeal is frivolous or whether the references to statutory rape are inappropriate. We decline to make such determinations without a review of the full record.

 Appellee also asserts that appellant failed to demonstrate due diligence because the transcript and statement of facts were not requested until 16 days after the time set by TEX.R.CIV.P. 377(a). The Court previously considered appellant's delay in requesting the transcript and determined that, given the circumstances, such delay did not represent a lack of due diligence, and that appellant's failure to timely file the transcript and statement of facts was due to the court reporter's refusal to begin preparation without an increased cost bond. Appellee has not presented any new arguments or evidence to persuade this Court that its original assessment was erroneous. Accordingly, appellee's Motion for Rehearing on this ground is overruled.

Appellee also complains that this Court erred in ruling that the trial court's order increasing the bond was void. In support of this argument, appellee points to the fact that the docket sheet indicates that the amount of the cost bond was increased on May 10, 1985, even though the order was not signed until June 25, 1985.

In light of the trial court's recently entered nunc pro tunc judgment correcting its order of June 25, 1985 to reflect that the bond increase was ordered on May 10, 1985, we agree that the order increasing the bond is valid, and hold that appellant has a duty to file an increased bond in the amount of $4,800.00.

 Appellee argues next that the district clerk has the authority and discretion to determine the type of appeal bond to be filed. Rule 354 of the Texas Rules of Civil Procedure provides the only means by which the adequacy of a bond may be challenged. The rules provide no means for challenging the type of bond and specifies that any challenges made regarding the bond are to be made in the form of a motion to the trial court;

Upon the court's own motion or motion of any interested party *or any interested officer of the court*, the court may increase or decrease the *amount* of the bond or deposit required.

This Court is unable to locate any rule which entitles the district clerk to specify that only corporate surety or cash bonds will be accepted. Accordingly, we find that absent statutory authority, the district clerk may not specify the type of appeal bond to be submitted.

The district clerk's insistence on either a corporate surety bond or a cash deposit was unauthorized. We do not believe that appellant's failure to file the increased bond thus far reflects a lack of due diligence. Under the circumstances, tendering an increased bond other than a cash or corporate surety bond would have been futile.

Appellant is ordered to file a proper bond in the amount of $4,800.00 no later than Tuesday, April 15, 1986.

Appellee's second motion for rehearing is denied.